IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                          No. CR 06-233-MO
                                                   No. CV 08-70030-MO
                    Plaintiff,
                                                   OPINION AND ORDER
        v.

BARTOLO FAVELA-GONZALES,

                    Defendant.


**MOSMAN, J.,**

        Defendant, appearing *pro se*, filed a Motion to Vacate his sentence pursuant to 28 U.S.C.

§ 2255 (#336).  Mr. Favela-Gonzales argues that he was denied effective assistance of counsel.

For the reasons set forth below, I DENY the motion.

## BACKGROUND

        On June 7, 2007, Mr. Favela-Gonzales pled guilty (#229) to an indictment charging him

with conspiracy to distribute and possess with intent to distribute 500 grams of

methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846.  As part of the

plea agreement, Mr. Favela-Gonzales waived his right to appeal or collaterally attack his

conviction or sentence under 28 U.S.C. § 2255, except for claims regarding ineffective assistance

of counsel.  (Plea Agreement (#229) ¶ 12.)

        The Presentence Report ("PSR") recommended a four-level upward adjustment from Mr.

Favelo-Gonzales's agreed base offense level of 36 because he was an organizer or leader of

PAGE 1 - OPINION AND ORDER

criminal activity involving five or more participants, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.1(a).  (Pl.'s Resp. (#341) 2 (citing PSR ¶ 77).)  The government supported the adjustment, but Mr. Favela-Gonzales, through counsel, objected arguing that he should only be assessed a three-level upward adjustment as a manager or supervisor.  (*Id.*)

At sentencing on September 4, 2007, after arguments by counsel, this court adopted the PSR without change and sentenced Mr. Favela-Gonzales to 188 months imprisonment, to be followed by five years of supervised release.  (*Id.* at 3; *see also* J. & Commitment (#257).)

On December 19, 2007, Mr. Favela-Gonzales filed a motion to dismiss his case for lack of jurisdiction, which was denied on January 22, 2008.  (Pl.'s Resp. (#341) 3.)  On April 7, 2008, Mr. Favela-Gonzales filed a motion for ruling and status of the court's resolution, related to his motion to dismiss for lack of jurisdiction.  (*Id.*)  That motion was denied by this court.  (Order (#311).)  Mr. Favela-Gonzales filed the instant motion on November 12, 2008, although he indicates that a copy of the motion was mailed to this court on August 25, 2008, but was apparently never received.  (Def.'s Mot. to Vacate (#337) 12.)

## DISCUSSION

### A.    *Timeliness of Motion*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year time limit on the filing of motions for collateral relief under section 2255.  28 U.S.C. § 2255(f).  The one-year period runs, in relevant part, from "the date on which the judgment of conviction becomes final."  *Id.* § 2255(f)(1).

A federal defendant's "judgment of conviction" generally includes both the adjudication of guilt and the imposition of sentence.  *See* Fed. R. Crim. P. 32(k)(1) (stating that the judgment

PAGE 2 - OPINION AND ORDER

of conviction must "set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence"); *see also Deal v. United States*, 508 U.S. 129, 132 (1993) (citations omitted). When a defendant does not file a direct appeal, his conviction becomes final when the time for filing the notice of appeal has expired. *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). A criminal defendant must file a notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1). Judgment was entered in Mr. Favela-Gonzales's case on September 11, 2007, therefore the judgment became final on or about September 21, 2007.

AEDPA's one-year limitation period may be equitably tolled "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct. for Cent. Dist. Cal.*, 163 F.3d 530, 541 (9th Cir. 1998) *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003) (citations omitted). "Courts have been generally unforgiving, however, when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998) (quoting *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992)).

Mr. Favela-Gonzales filed his Motion to Vacate under section 2255 on November 12, 2008, well over a year after his judgment became final. He contends that he mailed a copy of his motion to vacate on August 25, 2008, and only discovered on October 27, 2008, that it had not been received. (Def.'s Mot. to Vacate (#336) 12, Attach. A.) The government argues that there is no evidence that Mr. Favela-Gonzales actually filed his motion on time and that an unsupported statement is insufficient to qualify for equitable tolling. (Pl.'s Resp. (#341) 5-6.)

Mr. Favela-Gonzales has failed to demonstrate that it was impossible for him to file his Motion to Vacate under section 2255 on time, therefore, I decline to equitably toll the one-year

PAGE 3 - OPINION AND ORDER

limitation period.  The motion is denied as untimely.  Because the merits are easily addressed, I discuss them below.

### B.    *Ineffective Assistance of Counsel*

Mr. Favela-Gonzales argues that he was denied effective assistance of counsel.  He contends that his counsel "failed to properly prepare and argue the Government's 4 point upward enhancement for Adjustment For Role in the Offense under Guideline § 3B1.1(a) and failed to argue for a 3 point enhancement pursuant to § 3B1.1(b)."  (Def.'s Mot. to Vacate (#336) 5.)

Counsel is only required to provide "reasonably effective assistance."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To demonstrate ineffective assistance of counsel, a plaintiff must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice.  *Id.*  Prejudice exists where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The standard by which a court reviews counsel's performance is highly deferential, and there is a presumption that counsel rendered adequate assistance within the range of acceptable professional judgment.  *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994).

Mr. Favela-Gonzales's counsel argued for the three rather than four point enhancement both to the Probation Office during the preparation of the PSR and to this court before sentencing.  (*See* Pl.'s Resp. (#341) Exs. 1-2.)  In fact, Mr. Favela-Gonzales concedes that his counsel made these arguments, but contends that counsel "failed to provide evidence from the Presentence Report to buttress her argument."  (Def.'s Mot. to Vacate (#336) Attach. A at 2.)  Fundamentally, Mr. Favela-Gonzales appears to disagree with his sentence, not with the

performance of counsel, whose arguments are very similar to those presented by Mr. Favela-Gonzales in his motion.

His argument fails under both prongs of the *Strickland* standard. First, Mr. Favela-Gonzales has not demonstrated that his counsel's performance was deficient. The record shows that his counsel repeatedly argued against the four point enhancement, advocating instead no more than a three point adjustment. (*See* Pl.'s Resp. (#341) Ex. 1 at ¶¶ 3, 9, Ex. 2 at 2-3.) A difference in opinion between the defendant and counsel on the best way to argue a particular issue is nowhere near the level of deficient performance required under *Strickland*.

Second, Mr. Favela-Gonzales cannot demonstrate that he suffered prejudice because of his counsel's conduct. This court found the 188 month sentence reasonable and appropriate considering all of the information in the record, including the evidence Mr. Favela-Gonzales points to as supporting the three-point enhancement. Thus, there is no evidence that the results of the proceeding would have been different had Mr. Favela-Gonzales's counsel made the specific argument he now advocates.

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate or set aside his sentence under 28 U.S.C. § 2255 (#336) is DENIED.

IT IS SO ORDERED.

DATED this   3rd   day of March, 2009.


                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Court


PAGE 5 - OPINION AND ORDER